ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 AUG 18  AM 11: 03

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JOHN RICHARD MARTIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 306-063 |
| ) | |
| MICHAEL PUGH, Warden,[1] ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, has filed a petition under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. For the reasons that follow, the Court recommends that the petition be **DISMISSED** without prejudice.

I.  **BACKGROUND**

Petitioner is incarcerated pursuant to a twenty-four-month sentence of imprisonment in a federal court. Pet., pp. 1-2. He is not an American citizen, and the Bureau of Immigration and Customs Enforcement has issued a detainer on Petitioner, which, according to Petitioner, will culminate in deportation proceedings at the conclusion of his prison sentence.

After his sentencing hearing, the Bureau of Prisons ("BOP") assigned Petitioner to

---

[1] Inasmuch as Petitioner seeks release from confinement at MCF, the proper party Respondent in this action should be Petitioner's immediate custodian, in this case Michael Pugh, Warden at MCF. Rumsfeld v. Padilla, 524 U.S. 426, 434-35 (2004). The Clerk is **DIRECTED** to substitute "Michael Pugh, Warden" for the Government as the party Respondent in this case.

MCF.[2] Petitioner asserts in his § 2241 petition that he was assigned to MCF because of his alienage, and that a "diversity of conditions" exists between MCF and any other federal correctional facility to which he might have been assigned. Specifically, Petitioner claims that, at MCF, he is not allowed to participate in a Residential Drug Abuse Treatment Program, to take part in work programs available at other BOP institutions, to benefit from vocational education opportunities, or to be placed in a Community Corrections Center. Petitioner urges the Court to "reduce" his sentence, arguing that the collateral consequences of his alienage constitute a basis for a "downward departure." See Pet., pp. 4-6.

## II.   DISCUSSION

Petitioner's § 2241 petition does not challenge the fact or duration of his confinement. Instead, notwithstanding his plea for a sentence reduction, Petitioner challenges the conditions and circumstances of his confinement at MCF.[3] The sole function of habeas corpus, however, "is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir.), revised by, 596 F.2d 658 (5th Cir. 1979).[4] "Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." Id. To the extent that a Petitioner seeks relief from the conditions of his confinement, such relief "is in the form of equitably imposed restraint, not

---

[2] MCF is a private correctional facility operated by the Corrections Corporation of America under contract with the BOP.

[3] To the extent Petitioner challenges the fundamental validity of his conviction or sentence, § 2241 is the wrong procedural vehicle for his claims. Such claims must be brought in the court of conviction in a motion filed pursuant to 28 U.S.C. § 2255. Petitioner was not convicted in this District; accordingly, this Court lacks jurisdiction over any § 2255 claims. See, e.g., Ojo v. I.N.S., 106 F.3d 680, 683 (5th Cir. 1997)(only court of conviction may exercise jurisdiction over claims properly brought under § 2255).

[4] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

2

freedom from otherwise lawful incarceration." Id.; accord Stevens v. Heard, 674 F.2d 320, 323 (5th Cir. 1982).

The factual allegations raised in the instant petition challenge the conditions, rather than the fact or duration, of Petitioner's confinement. Such allegations may be appropriate in a civil rights complaint filed pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), but do not state cognizable grounds for relief in a § 2241 petition. Accordingly, the petition should be dismissed for failure to allege grounds on which § 2241 relief may be granted.

The Court also notes that Petitioner does not allege that he has exhausted his administrative remedies in this case. The failure of a prisoner to exhaust his administrative remedies prior to filing a complaint or petition in federal court bars a court from granting relief under such a complaint or petition.[5] In this regard, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (prisoner civil rights case); see also Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997) (proper to deny § 2241 petition for failure to allege exhaustion). Thus, even if Petitioner had brought the instant claims in a Bivens complaint or if his claims were cognizable under § 2241, he would not be entitled to relief because of his failure to exhaust his administrative remedies.[6]

---

[5] See 42 U.S.C. § 1997e(a) (exhaustion of administrative remedies a prerequisite to filing prisoner civil rights complaint); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*) (requiring petitioner to exhaust administrative remedies); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*) (holding that exhaustion is a jurisdictional prerequisite to § 2241 petition challenging execution of sentence).

[6] Petitioner's claims also appear to lack merit on their face. A prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular prison facility. McKune v. Lile, 536 U.S. 24, 39 (2002); Meachum v. Fano, 427 U.S. 215, 225 (1976). Courts have also held that a prisoner has no

3

## III.  CONCLUSION

For the reasons set forth above, the Court recommends that the petition be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 18th day of August, 2006, at Augusta, Georgia.

```
                                    W. LEON BARFIELD
                                    UNITED STATES MAGISTRATE JUDGE
```

---

constitutional liberty interest in early release, Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998); no constitutionally protected interest in rehabilitative programs, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); no constitutionally protected interest in participating in "UNICOR" work assignments, Ruiz-Loera v. United States, No. 00-CV-323-K, 2000 WL 33710839, at *2 (D. Utah June 23, 2000); and no "equal protection" interest in eligibility for assignment to halfway houses, McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir. 1999).

Regardless, because Petitioner's claims are not cognizable in a § 2241 petition and because he has not exhausted his administrative remedies, the Court need not reach the substance of his petition.